Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Montana District of Montana

Missoula Division

Zechariah Smith

_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

C/o Leerye, SGT. Moten, Sheriff McDermott C/o Thompson,
MCDFadministration John /Jane Doe's, C.O.D Richter,
Nurse Jamie, Nurse Deb, Nurse Lindsay, R.N Jane Doe)
C/o Johnston, Commander Ziegler
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

Case No. _____

_____
(to be filled in by the Clerk's Office)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## AMENDED COMPLAINT FOR VIOLATION OF
## CIVIL RIGHTS (Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# I. The Parties to This Complaint

## A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name            Zedmriah Smith

All other names by which
you have been known:

ID Number     3017093

Current Institution    Montana State Prison

Address        700 Conley Lake Rd

Deer Lodge       MT      59722

*City*                     *State*           *Zip Code*

## B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name           Correctional officer Leerye

Job or Title *(if known)*   General Guard

Shield Number     N/A

Employer       Missoula County Detention Center

Address        2340 Mullan RD

Missoula       MT     59801

*City*                  *State*        *Zip Code*

☒ Individual capacity    ☒ Official capacity

Defendant No. 2

Name           Sgt. Maden

Job or Title *(if known)*   Sergeant

Shield Number     N/A

Employer       Missoula County Detention Center

Address        2340 Mullan RD

Missoula       MT     59801

*City*                  *State*        *Zip Code*

☒ Individual capacity    ☒ Official capacity

Defendant No. 3

Name     Correctional officer Johnston

Job or Title *(if known)*     Guard

Shield Number     N/A

Employer     Missoula County Detention Center

Address     2340 Mullan RD

Missoula     MT     59801
     *City*      *State*      *Zip Code*

[X] Individual capacity    [X] Official capacity

Defendant No. 4

Name     Correctional officer Thompson

Job or Title *(if known)*     Guard

Shield Number     N/A

Employer     Missoula County Detention Center

Address     2340 Mullan RD

Missoula     MT     59801
     *City*      *State*      *Zip Code*

[X] Individual capacity    [X] Official capacity

## II. Basis for Jurisdiction

*See continuation of page 3 Defendants!*

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[X] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

14-th Amendment, United States Constitution, Pretrial detainee rights, Conditions of confinement, 14th Amendment, United States Constitution, Pre trial detainee rights, Access to adequate medical care, 14th Amendment, 1st Amendment, United States Constitution, Freedom from retaliation for engaging in protected conduct secured by the U.S.C, 1st Amendment, United States Constitution, Right to send and receive mail

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

Continuation of page 3
Defendants
13

Defendant no.5  M.C.D.F Administration John/Jane Doe(s)
Name          unknown at this time
Job           Administration
Shield number  N/A
Employer      Missoula County Detention Center
Address  2340  Mullan RD
    missoula    MT    ~~59722000~~ 59801
      City        State      Zip Code

        ☒ individual Capacity ☒ official capacity


Defendant no 6
Name          C.D.O Richter
Job           "C.D.O"
Shield Number  N/A
Employer      Missoula County Detention Center
Address  2340  Mullan RD
    Missoula    MT    ~~59702~~ 59801
      City        State      Zip code

        ☒ individual Capacity  ☒ official capacity


Defendant no 7
Name          Nurse Jamie
Job           Nurse
Shield Number  N/A
Employer      Missoula County Detention Center
Address  2340 Mullan RD
    missoula    MT    59801
      City        State      Zip Code
        ☒ individual capacity ☒ official capacity



Defendant no 8
Name                  Nurse Deb
Job                   Nurse
Shield Number         N/A
Employer              Missoula County Detention Center
Address 2340 Mullan RD
         Missoula      MT      59801
         City         State   Zip Code

         ☒ Individual capacity  ☒ Official capacity

Defendant no 9
Name                  Nurse Lindsay
Job                   Nurse
Shield Number         N/A
Employer              Missoula County Detention Center
Address 2340 Mullan RD
         Missoula      MT      59801
         City         State   Zip Code

         ☒ Individual capacity  ☒ Official capacity

Defendant no 10
Name                  R.N. Jane Doe
Job                   Registered Nurse
Shield Number         N/A
Employer              Missoula County Detention Center
Address 2340 Mullan RD
         Missoula      MT      59801
         City         State   Zip Code

         ☒ Individual capacity  ☒ Official Capacity

Defendant No. 11
   Name          Correctional officer Johnston
   Job           Guard
   Shield Number   N/A
   Employer     Missoula County Detention Facility
   Address      2340 Mullan RD
            Missoula   MT   59801
            City      State   Zipcode
            ☒ individual Capacity ☒ Offical Capacity

Defendant No. 12
   Name       Sheryl Ziegler
   Job        Deputy Commander at MCDF
   Shield Number   N/A
   Employer Missoula County Detention Center
   Address   2340   Mullan RD
            Missoula   MT   59801
            City      State   zipcode

            ☒ individual Capacity ☒ Offical Capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

*See continuation of page 4*

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [x] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

Missoula County Detention Facility Missoula Detention (MCDF)

(1 of 2)

Continuation of page 4

Defendant Leerye at all times relevant was a guard at the missoula county Detention center, and in that capacity, and under color of local law deprived plaintiff the right secured under the U.S.C to was access to the courts by intentionally hindering plaintiff's attempts to contact his lawyer

Defendant Moden at all times relevant was a Sergeant of the missoula county Detention center and in that capacity; and under color of local law, deprived the plaintiff of numerous rights secured by the U.S.C. By depriving plaintiff the right to shower for a month as punishment. In response to plaintiff's asserted intent to sue him retaliated on plaintiff by intentionally only allowing plaintiff to access to the phone at times he couldn't contact his lawyer, next denied access to his correspondence with family for weeks at a time, denied plaintiff hygene products even though he was allowed to purchase these things, ordered his staff not to allow plaintiff to call his lawyer

Defendant Thompson at all times relevant was a guard at the missoula county Detention center, and in that capacity; and under color of local law deprived plaintiff the right to file a PREA complaint and left plaintiff in his own filth without a shower after urinating on himself after informing Defendant of his intent to sue him for impeding his attempts to file a PREA complaint

Defendant "MCDF Administration John/Jane Doe(s)" at all times relevant made rules, policies, and behavioral modification plans at the Missoula County Detention Center, and in that capacity inflicted a series of specialized rules depriving the plaintiff the right to shower, contact his attorney, use the law library. All deprivations protected by the United States constitution. All acts under color of local law

Defendant C.O.o Lichter once being put on notice through a grievance and having the authority to take remedial action and didn't and affirmed all the deprivations in this complaint, thus becoming complicable and having a direct hand in plaintiff's not being allowed to shower, use hygene products, access to adequate medical care, access to law library and attorney, and being subjected to retaliation on a regular basis due to his attempts to pursue civil rights litigation in response to these deprivations at the denial of these the grievance and affirmation of the conduct all being done under color of local law

Defendants Nurse Jamie, Nurse Deb, Nurse Lindsay at all times relevant were employed as nurses by the MCDF, and in that capacity; and under color of local law he Denied plaintiff access to adequate medical attention/treatment. Following complaints about this further denied medical help to plaintiff with verbal taunts about his as-



2 of 2

ections he planned them to see them for their neglect of inmates. Retaliating against him for assertions and conduct protected by the united States constitution.

Defendant RN Jane Doe while at all times relevant worked at MCDF as a Registered Nurse and in that capacity and under color of local law refused to visit, assess, or even speak to plaintiff in response to his valid medical complaints citing it wasn't safe. Even though there was a 400 pound door protecting her thus denying plaintiff adequate medical attention.

Defendant % Leyre at all times relevant was a guard at the Missoula County Detention Facility, and in that capacity, and under color of local law deprived the plaintiff the constitutional right to access to the Court.

Defendant Commander Ziegler at all times relevant was the commander at MCDF, and in that capacity and under color of local law deprived plaintiff the right to of decent conditions of confinement, right to send and receive mail, access to the courts by helping construct and approving the behavior modification plan that clearly deprived the plaintiff of rights secured by these rights of the united states constitution

C.    What date and approximate time did the events giving rise to your claim(s) occur?

8/23/2021 — 9/9/2021

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See Cont. of page 5

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Denied the opportunity to help mount a defense with his attorney
His ability to maintain human dignity in his personal hygenic care
Feel safe and secure in practicing his rights protected by the constitution and filing civil suit when they are violated w/out the fear of retaliation and he miliction by MCOF's staff
Prolonged and unnecessary infliction of pain from an serious ear infecti on they knew and declared to have serious swelling in yellow and green liquid drainage as a means to retaliate hence their refusal to give treatment
Prolonged and unnecessary infliction of pain in his neck that wasn't treated and evaluated due to malice and retaliation. This neck injury was so bad it impaired simple functions of every day life such as walking

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Any Monetary damages in the form of compsatory, punitive damages fee this court deems appropriate

Declatory Judyments against all defendants in the allegations specific to each Defendant and the resulting deprivation of constitutional rights each defendants conduct resulted in

Any other relief this court deems appropriate

Continuation of Page 5

Conditions of confinement

On 8/26/21 to 9/25/21 at the Missoula county Detention Center Defendants SGT Moden and MCDF John/Jane Doe(s) made the group decision to subject the plaintiff to horrid conditions of confinement he went 6 days without a shower or hygene supplies to clean himself, left him completely naked for weeks on end denied him the means to flush his toilet, they subjected plaintiff who was a pretrial detainee these basic necessities of life and human dignity as a form of punishment and behavior modification and retaliation.

During this time plaintiff wrote numerous grievances or had other inmates write grievances when he couldn't about these deprivations and conditions. Defendant CoO Richter review and affirmed these ongoing at the time deprivations. He had the authority to stop the on going cruel conditions but made the decision to not only deny plaintiff assistance but allowed it to continue and affirmed the practice, As well as defendant defendant MCDF Admin. John/Jane Doe(s), SGT Moden.

All Defendants above also continued the lie of plaintiff having access to hygenic supplies and running water.

During this time plaintiff could not shower, brush his teeth, flush his toilet more than once or twice a day (on a good day) endured taunts and harassment by % Thompson and % Johnston, was naked, and denied medical care. All at the direction of the above Defendants.

Plaintiff suffered a serious fall that caused a prolonged and significant amount of pain in his neck and back that caused issues in walking and turning in different directions. He was left the this while once urinated on himself after being subjected to sexual harassment and denied the request to file a PREA. plaintiff developed an extremely painfull ear infection that lasted for weeks, this due to the point he couldn't hear out this ear, sever swelling, and yellow and green discharge in a thick syrup like chunky liquid.

These Conditions and afflictions are all happened during the relevent dates above. All these thing individually exposed him to serious health and mental risk. Let alone the substential risk of infectious desiese, ing infection, covid 19 due to these disgusting and cruel conditions inflictions by the above Defendants as a means to punish plaintiff.

These were other inmates being "punished" in the same general area

that plaintiff based upon prior knowledge displayed extremely more dangerous behavior. These inmates were placed in restraints every day and taken to booking and showered in a secured shower. Defendants knew plaintiff needed access to hygenic supplies and that's why they put on paper he could aquire them, but in reality, never truely afforded him the oppertunity to buy such things. MCDF has suicide clothing to place inmates in. MCDF had sufficient staff to moniter him closely enough that denying him running water in his cell to flush his toilet was unnecessary.

All these available resources and means were available and used on a daily basis with other inmates. The conditions plaintiff was subjected to were not the least restrictive means to provide plaintiff these basic needs of simply not allowing plaintiff to pursue these basic needs. Defendants knew of and intentionally disregarded them in regards to the plaintiff.

Through the cruel conditions of Defendants Sgt. Moden, CDO Richter, C/O Thompson and C/O Johnston and C/O Leerey and MCDF Admin. John/Jane Doe's actions detailed above and in this complaint in its entirety collectively and individually caused the plaintiff painfull, substantially risky to health, and the degrading injuries detailed on page 5 part V.


## Access to medical care

Between 8/26/21 to 9/25/21 while being subjected to the horrid conditions detailed above as a means of punishment and retaliation Defendants Nurses Deb, Lindsy, Jamie, and R/N Jane Doe Deprived plaintiff access to medical care as a form of retaliation against plaintiff assertions he intended to sue these defendants.

On 8/30/21 after repeatedly pleading for medical attention from the goards and the goards repeated calls to medical Nurse Jamie arrived to evaluated plaintiff. A short arguement between them was had where plaintiff conveyed his intent to sue Nurse Jamie for her neglect of inmate care. This was in response to Nurse Jamie arriving to assess plaintiff very angry. Telling plaintiff to stop having the goard keep calling her that he was acting like a cry baby and to put a med kite in next time. She looked at his ear and told plaintiff he indeed did have a serious ear infection, that his ear was severely swollen, and had green and yellow chuncky discharge. She said she'd be back in a couple minutes but never returned.

On 8/31/21 plaintiff was able to catch Nurse Deb and ask her to evaluate

his ear and about the determination Nurse Jamie made but how she never returned. Nurse Deb refused and said to write a medical kite or file a lawsuit or do whatever he wanted and then left plaintiff unseen

On 9/1/21 plaintiff was still in a large amount of pain and circumstances in regards to his ear infection had not changed. He was able to speak to Nurse → Lindsy and conveyed the hearing loss, the pain, and the thick discharge. He attempted to show her what he meant, but she stopped him and told him from what he said she was sure he wouldn't lie if that wasn't good enough to file a grievance "grieve us some more" or to better yet, tell me how we're gonna get sued like you told Jamie. So all we do is neglect inmates huh? that makes us wanna help" and then she walked away.

On 9/11/21 Defendant R.N Jane Doe refused to come assess the plaintiff in regards to the severe pain he was still in due to the slip and fall in his cell that was hindering his walking and turning his head left and right.

Defendants Nurses Jamie, Deb, Deb, Lindsay, and R.N Jane Doe all put plaintiff's health at serious risk and left him suffering in the horrid conditions inflicted by the other Defendants.

This is during the covid 19 pandemic. seeing plaintiff left in a cell for over a month with no running toilet water, naked, in a cell he was only given a rag to clean with, left covered in urin exposed him to covid at a time people were dieing and the world didn't quite know how to respond to it once someone did have it.

Plaintiff had visable and acknowledged injuries one that was an infection. the risk to infectious disease, virus, and in extreme pain the risk's are obvious topped w/ the known fact he had no hygenic supplies to clean himself and had not been allowed to shower, it's elementry the risk that was unnessesary and intentional the plaintiff was placed in in regards to plaintiff's current injuries at the time as well as the hightened risk that the filth and covid 19 combined w/ sanitary issues posed.

Defendants Nurse Jamie evaluated and determined the ear infection, the severe swelling and thick multicolored drainage. Simple remedy as we all know, antibiotics, ear drops, and over the counter pain medication most likely would have done the job but like all infections left untreated get worse and worse. It got to the point plaintiff had no hearing in his ear. It was left like that due to plaintiff stating his first

amendment right to file a lawsuit. There was no disagreement in medical treatment oversight, or anything to that effect. Nurse Jamie treated plaintiff with a dose of vindictiveness and following that conveyed to Nurse Deb and nurse Lindsy the confrontation that led them to continue this treatment of vindictiveness. Any and every possible treatment was available because no treatment was decided on and or given to the plaintiff by these three defendants.

On 9/11/21 weither or not it had any connection to the three nurse defendants can't be alleged by the plaintiff in good faith is unneeded due to the fact that RN Jane Doe provided a dereliction in her duty to atleast assess an inmate's injury simply sent a response back that it was not safe to assess the plaintiff. This defys loggic when all a medical fficial need to do is simply walk to the door of an inmate. This door is 400 lbpounds of steel with a bulletproof window that can't open unless an officer in the control cage opens it. The facility has plenty of procedures to deal with medical visits to ensure not only medical staff's safety but staff, and inmates safety and to cite so"it isn't safe to speak to you through an impenitrable half tone door is just ridiculous justification.

The omissions of Nurse Jamie, Nurse Deb, Nurse Lindsy, and RN Jane Doe caused the plaintiff to endure the infliction of pain, loss of hearing, t the ability to turn left and right or even walk without any pain. plaintiff was left leaking green and yellow syrup out of his ear, and plaintiff was left in a state of filth and lack of dignity naked by MCDF office and MCDF left plaintiff to suffer untreated injuries as well as expose him to covid 19 and infections and desease simply because they felt and se their duty to provide treatment to plaintiff due to their dislike of plaintiff allowing the continued health risks associated with the results of their omissions.

## Mail

Defendant's SGT Moden, CDO Richter, and MCDF admin. John/Jane Does made a specialized practice that subjected plaintiff to not being allowed his 1st Amendment right to read and send mail to his family for weeks on end. This policy was made and implement d on 8/22/21. This was apround by MCDF commander, MCDF Administra and implemented by SGT Moden.

Inmates have a constitutional right to send and receive mail and to be deprived this right over (30) days for no other reason but to stop his contact with friends and family and to hinder his attempt to acquire a lawyer serves no penological interest

## Retaliation

Defendants Nurse Debbie, Nurse Jamie, Nurse Lindsy all refused to give plaintiff medical attention on 8/30/21 and 8/31/21 and 9/1/21.

Those three Defendants vindictivly denied plaintiff medical attention and treatment of plaintiffs severe ear infection due to plaintiff's assertions on 8/30/21 to nurse Jamie of his intent to file a lawsuit (a protected conduct by the 1st Amendment) due to nurse to neglect of inmates at McDF. Nurse Jamie determined the severe ear infection but made sure to articulate to plaintiff she made this determination said she'd be back sarcasticly but never returned.

On 8/31/21 and 9/1/21 nurses Lindsy and Debb both refused to assers plaintiff and refused to provide any treatment in regards to this severe ear infection and tauntingly conveyed to plaintiff the reesoning for this was his assertion to Nurse Jamie of medical neglect and intent to file a lawsuit.

The actions of these three Defendants instilled a sence of fear and hesitation and essentially placed plaintiff on notice that if he continued to verbalize complaints and furthered his intent of filing suit he would not receive any medical care by McDF medical staff as a whole. Thus chilling his right to petetion the court for redress of his constitutional right to adequate medical care.

The actions of these three nurses wasn't done to further a single thing but their anger twards the plaintiffs for their dereliction as McDF medical and his voicing his intent to file suit because of its no legitiment or even illegitiment reason can be conveyed as justification.

## Access to the courts

Repeatedly the plaintiff has had attempted to speak to his lawyer

file a PREA complaint and contact Missoula City police to file charges or complaint of identity theft.

All prisoners retain the fundamental right to petition the courts for redress of constitutional deprivations by the government. Due to all the cruel and unacceptable deprivations of plaintiff's right to be free from subjection of such treatment.

This was not a refusal or denial by MCDF on an isolated period of events but on a daily basis in one form of another, be it the means to write legal letters, make legal calls, acquire legal forms, or have access to a law library to research his rights in more depth to be able to file a meaning civil complaint.

On 8/23/21 C/O Leerye denied plaintiff's request to contact his lawyer about the conditions of his confinement, medical neglect, and lack of acess to legal library.

On this same day he threatened another inmate ms. Betts that if she contacted plaintiff's lawyer for him she would be subjected to disciplinary action.

On 8/22/21 Defendant's SGT Moden, MCDF Commander Ziegler, and MCDF Administration John/Jane Doe(s) initiated a behavior modification plan that essentionally killed every avenue to contact his lawyer, access the legal library, or acquire the proper forms to initiate a civil complaint. In this behavorial modification plan it said plaintiff was able to buy writing materials, paper and envelopes; every attempt to purchase such was never secessfull. They scheduled plaintiff's acess to the phone on times the plaintiff informed them his lawyer said he isn't reachable. Despite putting down he was allowed a tablet never allowed him to use one until there was a months long extended period of time the MCDF legal library provider was changed to another one and that option was no longer available during this long extended period of time.

During this period of time other MCDF staff partook in this antagonizing practice.

On 9/1/21 C/O Thompson refused plaintiff's request to use the tablet's legal library even though it was his alloted time to do so. He also denied plaintiff request to make a legal call.

On 9/2/21 C/O Johnston would not allow plaintiff to file a PREA complaint after enormous weeks of being forced to be naked and do things with no modesty he was being allowed to wear clothes with justification by MCDF that had zero connection to wearing clothes. C/O Johnston laughed at plaintiff and told him

a bit or and let it hang in there" in a mocking pun of "Hang in there"

On 9/8/21 attempted to file a criminal complaint toe to some one new on the outside. c/o Thompson refused to accomadate him in spite of CDF policy that explicitly states "... or if an inmate in our facility wished to [file] a complaint he/she may request assistance from a MCDF staff and arraingements [shall] be made". In stead c/o Thompson told plaintiff to just see that person and proceeded to ignore the plaintiff from then on. ~~[scribbled out]~~

On 9/29/21 MCDF Admin John/Jane Doe(s) officaly informed plaintiff in memo, that ~~[crossed out]~~ as punishment legal library would be denied for mis-havior for the rest of his time at MCDF

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII.  Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Missoula County Detention Facility

B.  Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.  Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Rights to decent conditions of confinement, access to the courts, adequate medical treatment, right to send and recieve mail, and not subject to staff retaliation

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

MCDF

2.    What did you claim in your grievance?

was hindered on sending and receiving mail plaintiff was being denied medical treatment wasn't be allowed access to courts and lawyer wasn't being allowed to shower and being retaliated by staff

3.    What was the result, if any?

None

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I appealed all the way through the last stages

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:



    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:



G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.



*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

 Yes

 No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

See Continuation of page 8 + 9 + 10

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s) _____
    Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*
    _____

3.  Docket or index number
    _____

4.  Name of Judge assigned to your case
    _____

5.  Approximate date of filing lawsuit
    _____

6.  Is the case still pending?

    ☐ Yes

    ☒ No

    If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
    _____

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?



☒ Yes

☐ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit
       Plaintiff(s)    Zechariah Smith
       Defendant(s)   Cody Cunningham, et al.,

2.    Court *(if federal court, name the district; if state court, name the county and State)*

       United States District Court for the district of Montana, Helena Division

3.    Docket or index number
       CV23 - 42 - H - BMM - KLD

4.    Name of Judge assigned to your case
       Kathleen L. DeSoto

5.    Approximate date of filing lawsuit
       2023

6.    Is the case still pending?

       ☒ Yes

       ☐ No

       If no, give the approximate date of disposition

7.    What was the result of the case? *(For example: Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

Continuation of page 8+9+10

PAGE 8

1) United States District Court for the District of Montana, Helena Division

2) United States District Court for the District of Montana, Helena Division

PAGE 9

✕

PAGE 10

Zechariah Smith

1) Brian Gootkin, et al.,

2) United States District Court, District of Montana, Helena Division

3) CV 23-36-H-BMM

4) Brian Morris

5) 2023

6) ~~Still not~~ not ~~pending~~ pending

   Feb. 16th, 2024 Decided

7) Dismissed for ~~prosecute~~ prosecute

Zechariah Smith

1) Carrie Walstead, and John/Jane Doe Defendants

2) United States District Court, District of Montana, Helena Division

3) CV 24-11-H-BMM-KLD

4) Brian Morris

5) 2023

6) ~~Pending~~ Decided 4-30-24

7) Dismissed for failure to state a claim

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    8/20/24

Signature of Plaintiff

Printed Name of Plaintiff    Zechariah Smith

Prison Identification #    3017893

Prison Address    700 Conley Lake RD

Deer Lodge        MT        59722
    *City*        *State*        *Zip Code*

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Address    _____

    *City*         *State*        *Zip Code*

Telephone Number    _____

E-mail Address    _____